In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-25-00064-CR**
_____

**IN RE SAMAD SEFIANE**

**Original Proceeding**
**Criminal District Court of Jefferson County, Texas**
**Trial Cause No. 17-27943-B**

**MEMORANDUM OPINION**

Relator Samad Sefiane was convicted of aggravated family violence assault in the Criminal District Court of Jefferson County, Texas, in Trial Court Cause Number 17-27943. *See Sefiane v. State*, No. 09-18-00216-CR, 2019 WL 2439490 (Tex. App.—Beaumont June 12, 2019, pet. ref'd) (mem. op., not designated for publication). His conviction and sentence were affirmed on appeal. *Id*. In a petition for a writ of mandamus, Sefiane claims his twenty-year sentence for assault is illegal because it was based on false evidence that he caused serious bodily injury to the

1

complainant, an inapplicable jury instruction on serious bodily injury, and ineffective assistance of counsel due to the trial counsel's failure to present medical expert testimony to the jury. He denies that he caused serious bodily injury to the complainant and argues the offense he committed (as opposed to the offense for which he has been convicted and sentenced) is punishable as a state jail felony offense. He asks this Court to compel the trial court to discharge Sefiane from his "illegal" twenty-year sentence.

To obtain mandamus relief in a criminal case, a relator must demonstrate that (1) he has no other adequate remedy at law, and (2) the act sought to be compelled is ministerial. *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013). "A trial court has no 'general' jurisdiction after a conviction becomes final." *In re Tex. Dep't of Crim. Just.*, No. WR-95,689-01, 2025 WL 907711, at * 2 (Tex. Crim. App. Mar. 26, 2025) (not yet reported). Thereafter, any jurisdiction must be conferred by the Texas Constitution or by statute, and "any provision bestowing post-finality jurisdiction defines the scope of that jurisdiction." *Id*.

The exclusive remedy from a final felony conviction for a non-capital offense is through a writ of habeas corpus returnable to the Court of Criminal Appeals. *See* Tex. Code Crim. Proc. Ann. art. 11.07, § 3(a). Sefiane asks this Court to compel the

2

trial court to perform an act that is not authorized by law. We deny the petition for a writ of mandamus. *See* Tex. R. App. P. 52.8(a).

PETITION DENIED.

PER CURIAM

Submitted on April 29, 2025
Opinion Delivered April 30, 2025
Do Not Publish

Before Johnson, Wright and Chambers, JJ.

3